16-3592-cv
*Cargian v. Breitling USA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of September, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> JANE A. RESTANI,*
> > *Judge.*

---

FREDERICK M. CARGIAN,

> *Plaintiff-Appellant,*

> v.                                                        No. 16-3592-cv

BREITLING USA, INC.,

> *Defendant-Appellee.*

---

For *Plaintiff-Appellant*:          JANICE GOODMAN, Law Office of Janice Goodman, New York, N.Y.

For *Defendant-Appellee*:          GLENN S. GRINDLINGER, (James M. Lemonedes, Zev Singer, *on the brief*), Fox Rothschild LLP, New York, N.Y.

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 29, 2016, is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-appellant, Frederick Cargian, appeals from a judgment entered by the district court granting summary judgment to defendant-appellee, Breitling USA, in this gender and age discrimination action. Cargian filed the action in February 2015 alleging he was discriminated against based on his sexual orientation in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–e17 (Title VII) and based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA). Plaintiff also asserted supplemental claims under the New York State Human Rights Law, New York Executive Law § 296 (State HRL), and the New York City Human Rights Law, New York City Administrative Code § 8-101 (City HRL). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court issued a memorandum and order on September 29, 2016, granting summary judgment to Breitling on the ground that Title VII does not prohibit private employers from discriminating against their employees based on their sexual orientation. Relying on this Court's decisions in *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000), and *Dawson v. Bumble & Bumble*, 398 F.3d 211, 217–23 (2d Cir. 2005), the district court concluded that "discrimination based upon sexual

2

orientation is not currently actionable under Title VII." At the time the order was issued, however, the district court lacked the benefit of the guidance provided by this Court's recent February 2018 decision in *Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018) (en banc), which addresses this Circuit's jurisprudence on sexual orientation discrimination under Title VII. The Court in *Zarda* considered the "changing legal landscape that has taken shape in the nearly two decades since *Simonton* issued," to reach the ultimate holding that "Title VII prohibits discrimination on the basis of sexual orientation as discrimination 'because of . . . sex.'" *Id.* at 108. Additionally, *Zarda* overruled *Simonton* and *Dawson* to the extent they held otherwise. *Id.*

Because the legal framework for evaluating Title VII claims has evolved substantially in this Circuit, we conclude the district court should have the opportunity to consider in the first instance whether Cargian's claims can survive a motion for summary judgment after *Zarda* altered that legal landscape. Given that the district court declined to exercise supplemental jurisdiction over Cargian's remaining claims in light of the dismissal of his federal law claims, the district court is free to reconsider that aspect of its prior ruling on remand. In so concluding, we express no opinion as to the proper resolution of Cargian's Title VII and state law claims on remand.

The district court's grant of summary judgment is **VACATED** and the matter

**REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court